IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICKI AVERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-11-1203-D |
| | ) | |
| ROADRUNNER TRANSPORTATION SERVICES, INC., and YURI CISAR, | ) ) | |
| | ) | |
| Defendants. | ) | |
| and | ) | |
| | ) | |
| ROADRUNNER TRANSPORTATION SERVICES, INC., and YURI CISAR, | ) ) | |
| | ) | |
| Third Party Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| JOSE GARCIA GARCIA, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

**O R D E R**

Before the Court is Defendant Roadrunner Transportation Services, Inc.'s ("Roadrunner") Motion for Partial Summary Judgment [Dkt. # 34], filed pursuant to Fed. R. Civ. P. 56(c). Roadrunner seeks summary judgment on Count II of Plaintiff Vicky Avery's ("Avery') Complaint [Dkt. # 1], which alleges "negligent training, supervision, entrustment, and retention" of its employee, Yuri Cisar ("Cisar"). The motion is fully briefed and at issue. For the reasons set forth herein, Roadrunner's motion is granted.

**I. Background**

This action arises out of an automobile accident that occurred on March 20, 2010, in Caddo County, Oklahoma. Plaintiff Avery, a resident of Oklahoma, was traveling westbound on Interstate

40 when she was involved in a motor vehicle collision with Defendant Cisar, a truck driver employed by Roadrunner.

Plaintiff alleges that Cisar's negligence caused the accident and that his employer, Roadrunner, is vicariously liable for her injuries under the theory of *respondeat superior*. Additionally, Plaintiff alleges that Roadrunner is directly liable for her injuries under a negligent training, supervision, entrustment, and / or retention ("negligent TSE/R") cause of action.

Plaintiff filed this lawsuit on October 11, 2011 [Dkt. # 1]. The Complaint sets forth three causes of action: (1) negligence; (2) negligent TSE/R; and (3) punitive damages. Defendant Roadrunner filed a motion for partial summary judgment on August 6, 2012 [Dkt. # 34]. Roadrunner stipulates that Cisar was acting within the scope of his employment at the time of the accident and, therefore, concedes that it will be vicariously liable for Cisar's negligence, should Plaintiff prevail on her negligence claim. However, Roadrunner asserts that it is entitled to summary judgment on Plaintiff's negligent TSE/R cause of action because, under Oklahoma law, such a claim is only available against an employer where vicarious liability is not established.

**II. Standard of Review**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for either party." *Id*. at 255. Judgment as a matter of law is appropriate, therefore, when "the nonmoving party has failed to make a sufficient showing on an essential element of his or her case with respect to which he or she has the burden

of proof." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). When applying this standard, all facts and reasonable inferences must be viewed in the light most favorable to the nonmoving party. *Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011). If a party who would bear the burden of proof at trial lacks sufficient evidence on an essential element of a claim, all other factual issues concerning the claim become immaterial. *Celotex Corp.*, 477 U.S. at 322. The Court's inquiry is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**III. Analysis**

The relevant facts are not in dispute. Roadrunner stipulates that its truck driver was acting within the scope of his employment when he was involved in the accident with Plaintiff. The sole question before the Court is whether Oklahoma law prohibits Plaintiff from pursuing a negligent TSE/R claim where, as here, vicarious liability is established. For the reasons set forth below, the Court answers that question in the affirmative. Accordingly, Roadrunner's motion is granted.

Roadrunner contends the Oklahoma Supreme Court has not permitted negligent TSE/R claims to proceed to trial in the circumstance where an employer has admitted vicarious liability. In support of this proposition, Roadrunner relies on the seminal case of *Jordan v. Cates*, 935 P.2d 289 (Okla. 1997). In *Jordan*, a store visitor was involved in an altercation with an employee of the store. *Id.* at 291. The visitor alleged that during the course of the altercation the employee assaulted and battered him. *Id.* He sought to recover against the store, as the employer of the offending employee, for its vicarious liability under the theory of *respondeat superior*. *Id.* Additionally, he

brought a separate claim directly against the store for the negligent hiring and retention of the employee. *Id*.

Recognizing the required elements to confer *respondeat superior* liability, the employer stipulated that the altercation occurred while its employee was acting within the scope of his employment and that it would be liable for any damages awarded by the jury. *Id*. at 292. In light of this admission, the trial court granted summary judgment to the employer on the negligent hiring and retention claim. *Id*. The Oklahoma Supreme Court upheld the grant of summary judgment, concluding that:

> [T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established. In the case at bar, vicarious liability has been established through stipulation. . . . Our holding today is limited to those situations where the employer stipulates that liability, if any, would be under the respondeat superior doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on the employer.

*Id*. at 293.

Moreover, in a second published opinion issued two years after *Jordan*, the Oklahoma Supreme Court reiterated this limitation on employer liability: while "[e]mployers may be held liable for negligence in hiring, supervision or retaining an employee[,] th[is] theory of recovery is available if vicarious liability is not established." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999).

Plaintiff counters this proposition on three separate bases. First, Plaintiff contends that negligent TSE/R is a "well-recognized, distinct and separate cause of action in Oklahoma against

4

an employer . . . ." Pl.'s Mem. in Resp. to Def.'s Mot. for Summ. J. ("Pl.'s Resp.") at 2. Second, Plaintiff asserts that "the *Jordan* case does not repudiate the broad permission of Fed. R. Civ. P. 8(e)(2) for Plaintiff to proceed to trial . . . on multiple separate tort theories." *Id*. And third, Plaintiff contends that the holding in *Jordan* applies only to cases involving intentional torts and does not apply to negligence actions. *Id*.

Plaintiff's contentions, however, are unpersuasive. First, the mere fact that negligent TSE/R is a recognized and independent cause of action under Oklahoma law is immaterial to the question concerning under what circumstances it may be maintained in a given lawsuit. *Jordan* speaks to this question, holding that when vicarious liability is established Oklahoma law does not permit a plaintiff to also proceed against an employer on a negligent TSE/R claim. As the Court stated in *Jordan*, "where the employer stipulates that liability . . . would be under the *respondeat superior* doctrine, . . . any other theor[ies] for imposing liability on the employer [are] unnecessary and superfluous." *Jordan*, 935 P.2d at 293.

Second, Plaintiff's reliance on Rule 8 of the Federal Rules of Civil Procedure is likewise misplaced. Rule 8 is a pleading standard and the fact that a plaintiff may plead claims in the alternative is immaterial to whether a defendant is subsequently entitled to judgment as a matter of law on any one particular claim. Again, *Jordan* addresses the very question of *when* summary judgment is appropriate, concluding that additional theories of recovery against an employer are redundant when that employer stipulates that it will be vicariously liable for the actions of its employee.

Finally, Plaintiff seeks to draw a distinction between the facts of this case and the facts of *Jordan* wherein an intentional tort by the employee was alleged. Specifically, Plaintiff argues that

language in the syllabus of *Jordan* reflects the Oklahoma Supreme Court's intention to limit its holding to intentional torts.[1]  However, viewing the syllabus "in light of the circumstances of the case," *see Eckels v. Traverse*, 362 P.2d 683, 686 (Okla. 1961), this Court reaches the opposite conclusion and finds no such distinction or requirement in *Jordan*.

Although the lawsuit giving occasion for the Oklahoma Supreme Court to address the question at issue involved a physical altercation between an employee and a store visitor, there is no indication that the rule derived therefrom would not also apply to negligence actions. Furthermore, the underlying rationale of *Jordan* – that when an employer admits liability for its employee, the act of admission makes "any other theory for imposing liability on the employer unnecessary and superfluous," *Jordan*, 935 P.2d at 293 – applies equally well to negligence actions as it does to cases involving intentional torts.  As such, the Court finds that the holding in *Jordan* is not limited to cases involving intentional torts, but that *Jordan* merely gave occasion for the Court to announce the general rule that "the theory of negligent hiring and retention is available . . . where vicarious liability has not been established." *Jordan*, 935 P.2d at 293.

Finally, the Court's determination is supported by the majority of authorities addressing the issue under Oklahoma law. S*ee, e.g., Johnny v. Bornowski*, 2012 WL 13723, *2 (W.D. Mo. Jan. 4, 2012) (applying Oklahoma *law); Dowuona-Hammond v. Integris*

---

[1] Plaintiff relies upon and cites to an Order issued by Chief Judge Miles-LaGrange on April 5, 2005, in *Ramiro v. J.B. Hunt Transport Servs., Inc.*, Case No. CIV-04-1033-M, to support the proposition that *Jordan* should be limited to cases involving physical altercations.  In that Order, Judge Miles-LaGrange granted the Plaintiffs' application to amend their Complaint pursuant to Fed. R. Civ. P. 15(1) so as to add a negligent retention cause of action despite the fact that the employer had stipulated to vicarious liability for the alleged negligence of its employee.

*Health*, 2001 WL 134923, *3 (W.D. Okla. Jan 14, 2011) (same); *Landreville v. Joe Brown Co., Inc.*, 2009 WL 1437801, *3 (E.D. Okla. May 21, 2009) (same); *Aldridge v. Indian Elec. Co-op.*, 2008 WL 1777480, *8 (N.D. Okla. Apr. 17, 2008) (same). This conclusion is also supported by the majority of United States jurisdictions addressing similar issues. S*ee* Richard A. Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of an Admission of Respondeat Superior*, 10 Wyo. L. Rev. 229, 235 (2010). Absent a clear deviation from this established legal principle by the highest court in Oklahoma, Plaintiff's negligent TSE/R claim will not be permitted.

## IV. Conclusion

For the foregoing reasons, Roadrunner's Motion for Partial Summary Judgment is GRANTED.

IT IS SO ORDERED this 3rd day of December, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE